UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY J. HUNTIMER,<br><br>    Petitioner,<br><br> vs.<br><br>DARIN YOUNG AND THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>    Respondents. | 4:19-CV-04125-KES<br><br>ORDER |

## INTRODUCTION

Petitioner, Timothy J. Huntimer, an inmate at the Mike Durfee State Prison in Springfield, South Dakota, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pending matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Court Judge.

## FACTS

Mr. Huntimer seeks to challenge his January 30, 2015, judgment of conviction for first-degree burglary, possession of a controlled substance and felony failure to appear. See Docket No. 1 at p. 1. Mr. Huntimer did not file a direct appeal. Id. at p. 2. Three years later, in early 2018, Mr. Huntimer filed his

first state habeas petition.  Id. at p. 3.[1]  The state circuit court granted in part and denied in part the application on March 16, 2018.  Id. at p. 3.  Subsequently, on June 29, 2018, the South Dakota Supreme Court denied Mr. Huntimer's request for review of the circuit court's decision.  Id. at pp. 3-4.  Mr. Huntimer filed this federal habeas corpus petition on July 19, 2019.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order . . .

This court's preliminary review, required by Rule 4, reveals that Mr. Huntimer's pending § 2254 petition may be barred by the statute of limitations.

Petitions for habeas relief in federal court collaterally attacking state court convictions are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  AEDPA contains a one-year statute of limitations.  Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

---

[1] Mr. Huntimer states in his § 2254 petition herein that he filed his state habeas application on either February 26 or April 12 of 2018.  See Docket No. 1 at p. 3.

>    **(d)**   **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>>
>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the

writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The limitations period for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United

4

States Supreme Court." Jihad, 267 F.3d at 805.  Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)).  In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

The period for filing a direct appeal of a criminal conviction in South Dakota is 30 days. See SDCL § 23A-32-15.  Therefore, because Mr. Huntimer did not file an appeal, his judgment became final and the AEDPA statute of limitations began to run on March 2, 2015.  That one-year limitations period appears to have expired on March 2, 2016, long before Mr. Huntimer filed his first state habeas application early in 2018.  Thus, this court suspects Mr. Huntimer's request for federal habeas relief may be time-barred.

The court notes the one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003).  The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id.  A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418

5

(2005). The decision whether to equitably toll AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the circumstances. Holland, 560 U.S. at 649-50. Equitable tolling represents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805).

The court may raise the statute of limitations issue *sua sponte*. Day v. McDonough, 547 U.S. 198, 209 (2006). The court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." Day, 547 U.S. at 210. Further, the court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." Id.

Accordingly, the court will order the parties to show cause why Mr. Huntimer's federal petition should not be dismissed as untimely. Both parties are asked to provide a complete picture to the court of the proceedings in state court which occurred prior to Mr. Huntimer filing his current petition with this court, including the dates on which pertinent actions took place.

## CONCLUSION and ORDER

With the above general principles in mind, and having preliminarily reviewed Mr. Huntimer's § 2254 petition, IT IS ORDERED:

6

(1) The Clerk of Court is directed to serve upon the Attorney General of the State of South Dakota, copies of Mr. Huntimer's petition (Docket No. 1) and this Order;

(2) On or before August 23, 2019, the parties shall file briefs, documentation, state court records, and/or other appropriate authority showing cause why Mr. Huntimer's federal habeas petition, filed July 19, 2019, should not be dismissed without prejudice as untimely.

**<u>Mr. Huntimer is notified that failure to respond to the above order to show cause may result in dismissal of his petition in this court.</u>**

DATED this 22nd day of July, 2019.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge