UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY J. HUNTIMER,<br><br>           Petitioner,<br><br>   vs.<br><br>DARIN YOUNG AND THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>           Respondents. | 4:19-CV-04125-KES<br><br><br>REPORT & RECOMMENDATION |

## INTRODUCTION

Petitioner, Timothy J. Huntimer, a state inmate at the Mike Durfee State Prison in Springfield, South Dakota, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Court Judge. Now pending is respondents' motion to dismiss Mr. Huntimer's petition without holding an evidentiary hearing. See Docket No. 4.

## FACTS

Mr. Huntimer seeks to challenge his January 30, 2015, judgment of conviction for first-degree burglary, possession of a controlled substance and felony failure to appear. See Docket No. 1 at p. 1. This judgment was filed on February 3, 2015. Mr. Huntimer did not file a direct appeal. Id. at p. 2.

On May 22, 2015, Mr. Huntimer filed a motion to modify his sentence with regard to parole eligibility. The circuit court denied that motion on July 13, 2015. No further activity occurred in Mr. Huntimer's case until 2018.

Three years later, on February 26, 2018, Mr. Huntimer filed a request for discovery to support his motion to correct an allegedly illegal sentence. Id. at p. 3.[1] Mr. Huntimer asserted the sentence he received on his drug charge and the sentence he received on his burglary charge were illegal. Id. On March 19, 2018, the state circuit court granted in part and denied in part the motion, agreeing to reduce the sentence on the drug charge, but leaving the sentence on the burglary charge intact as originally imposed. Id. at p. 3. An amended judgment was filed April 17, 2018. See Docket No. 5-3. Thereafter, Mr. Huntimer filed a notice of appeal on June 28, 2018. Id. On June 29, 2018, the South Dakota Supreme Court denied Mr. Huntimer's request for review of the circuit court's decision. Id. Mr. Huntimer filed this federal habeas corpus petition on July 19, 2019. See Docket No. 1.

---

[1] Mr. Huntimer states in his § 2254 petition herein that he filed his state habeas application on either February 26 or April 12 of 2018. See Docket No. 1 at p. 3. Respondent endorses the February 26 date as the date the state circuit court judge considered Mr. Huntimer's motion to have been made. This court gives Mr. Huntimer the benefit of the earlier date for purposes of calculating the statute of limitations.

Respondent urges this court to dismiss Mr. Huntimer's § 2254 petition as untimely. Respondent also asserts there are no grounds for equitable tolling. Mr. Huntimer asserts he is not really seeking habeas relief, but rather seeking to correct an illegal sentence pursuant to a South Dakota state statute. Therefore, Mr. Huntimer asserts he is not bound by the statute of limitations applicable to § 2254 petitions.

## DISCUSSION

**A.    Calculation of the One-Year Statute of Limitations**

Petitions for habeas relief in federal court collaterally attacking state court convictions are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA contains a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)** **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

3

>and made retroactively applicable to cases on collateral review;
>
>**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>**(2)**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).  The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days.  Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The limitations period for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2).  This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court.  Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2).  The phrase "post-conviction or other collateral review" in § 2254's tolling provision

4

encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

5

**B.      Application of the AEDPA Limitations to Mr. Huntimer's Case**

Mr. Huntimer's conviction became final on March 2, 2015, when the time for him to pursue a direct appeal expired with no notice of appeal being filed. See SDCL § 23A-32-15. The court assumes without so holding that Mr. Huntimer's motion to modify his sentence with regard to parole eligibility was a request for post-conviction collateral relief. See Duncan v. Walker, 533 U.S. 167, 177 (2001) (the AEDPA tolling provision may apply "to all types of state collateral review available after a conviction"). That motion tolled the running of the AEDPA limitations period from May 22, 2015, when the motion was filed until July 13, 2015, when the circuit court denied the motion. Eighty-one days of the AEDPA limitations period had run by this point (from March 2 to May 22, 2015).

No other action took place in Mr. Huntimer's case again until February 26, 2018. From July 13, 2015, to February 26, 2018, when Mr. Huntimer's motion to correct his allegedly illegal sentence was filed, 1,011 days elapsed. Again, the court will assume for purposes of this opinion that Mr. Huntimer's February, 2018, motion was of a nature so as to fall within the statutory tolling provision of AEDPA. Still, it is of no avail. The entirety of the 365-day AEDPA limitations period had already expired long before this motion was filed—the AEDPA limitations period expired on approximately April 24, 2016. Therefore, the motion to correct an illegal sentence in February, 2018, had no ability to toll the AEDPA limitations period because that period had already expired nearly two years prior to the filing of the motion.

### C.     The AEDPA Limitations Period Applies to Mr. Huntimer's Petition

Mr. Huntimer seeks to avoid the above conclusion regarding the calculation of the AEDPA limitations period by asserting that his petition before this court is not really a habeas petition, but rather a motion to correct an illegal sentence.  See Docket No. 6.  "Prisoners cannot avoid the . . . rules [governing federal post-conviction remedies] by inventive captioning . . . [T]he name makes no difference.  It is substance that controls."  Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007).  If in essence a prisoner seeks to challenge the legality of his detention and to obtain his release, the prisoner's claim is treated as a habeas claim.  Id.

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).  Mr. Huntimer alleges in his petition filed with this court that his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated by the sentence imposed on his burglary conviction.  See Docket No. 1 at p. 5.

The gravamen of Mr. Huntimer's claim is that the plea agreement set a cap of four years' actual imprisonment on the burglary charge.  The circuit court sentenced him to 15 years' imprisonment with 12 years of that sentence suspended, resulting in a sentence of actual confinement of 3 years.

Mr. Huntimer attacks the portion of his sentence exceeding 4 years, whether that portion of his sentence is suspended or not.[2]

The bottom line is, Mr. Huntimer has stated a constitutional claim in order to support a collateral attack on his state court sentence here in this federal court proceeding. That places his claim squarely within the parameters of § 2254. Even if granting a state prisoner's claim would not result in his immediate release, but only an earlier release, the Eighth Circuit has held such claims are the exclusive province of § 2254 and must, therefore, comply with the requirements of that statute. See Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (rejecting state prisoner's characterization of his claim as arising under 42 U.S.C. § 1983 and holding that the claim, if granted, would result in prisoner's earlier release from prison and, as such, the claim fell within the exclusive province of § 2254). Because Mr. Huntimer's claim, if granted, would result in his earlier release from prison, it falls within the

---

[2] The state court records do not support Mr. Huntimer's argument. The plea agreement limited Mr. Huntimer's sentence on the burglary charge to four years' actual time in the penitentiary, but the plea agreement did not limit the sentencing court's ability to impose additional time if the additional time was suspended. See Docket No. 5-1 at p. 2, lines 9-20. Mr. Huntimer's sentence included three years' actual penitentiary time for the burglary conviction, which is less than the agreed-upon four-year cap. Therefore, the sentence did not violate the terms of the plea agreement. In addition, Mr. Huntimer does not allege the plea agreement was binding on the sentencing court.

exclusive province of § 2254 and, therefore, is subject to the one-year AEDPA statute of limitations discussed above. Id.

Even if the court takes Mr. Huntimer at his word and characterizes his filing in this court as a motion to correct an illegal sentence under SDCL § 23A-31-1, this also does not help Mr. Huntimer obtain the relief he seeks. This court is only empowered to grant post-conviction relief to state prisoners on the basis of a *federal* constitutional, statutory, or treaty-based claim. See 28 U.S.C. § 2254(a). If Mr. Huntimer's claim is based solely on state law, this court is not authorized to grant him habeas relief. Id. If Mr. Huntimer's claim is based on federal constitutional provisions—as he alleges in his filing—then this court cannot grant relief because his request is time-barred under the AEDPA limitations period. Either way, this court cannot grant relief.

**D.    Equitable Tolling**

The court notes the one-year AEDPA statute of limitations is not a jurisdictional bar. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The decision whether to equitably toll AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the circumstances. Holland, 560 U.S.

at 649-50.  Equitable tolling represents "an exceedingly narrow window of relief." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805).

This court notified Mr. Huntimer of the applicability of the AEDPA limitations period and also notified him of the grounds available for equitable relief.  See Docket No. 3 at pp. 5-6.  The court then instructed both Mr. Huntimer and respondents to address the AEDPA limitations issue and, if appropriate, equitable tolling.  Mr. Huntimer responded to this court's order, but never asserted any grounds for equitable tolling.  See Docket No. 6.  Instead, he only makes the bare assertion that his claim does not fall under § 2254 at all.  That argument has been rejected above.  Because Mr. Huntimer bears the burden to demonstrate grounds for equitable tolling (Holland, 560 U.S. at 649), and he fails to urge any facts or law in support of that doctrine, the court finds there are no grounds for equitable tolling.

In this regard, the court notes that Mr. Huntimer is required to show he diligently pursued his rights in order to invoke the doctrine of equitable tolling. Holland, 560 U.S. at 653; White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010). Here, there is a nearly three-year period (from July 13, 2015, to February 26, 2018), where no activity appears of record to suggest Mr. Huntimer was pursuing his rights.  Without further explanation, this does not constitute the reasonable diligence required of Mr. Huntimer in order to equitably toll the AEDPA limitations period.  See Burks v. Kelley, 881 F.3d 663, 666-67 (8th Cir. 2018) (where a

petitioner waited five years before taking action, thinking that an appellate court would appoint a lawyer for him, the petitioner failed to demonstrate due diligence); Gordon v. Arkansas, 823 F.3d 1188, 1195-96 (8th Cir. 2016) (inmate confined for mental health issues for 3 months failed to show why he was unable to pursue habeas relief in remaining 9 months of the AEDPA limitations period); Nelson v. Norris, 618 F.3d 886, 892-93 (8th Cir. 2010) (petitioner failed to demonstrate due diligence when he failed to take any action for nine months); Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (where a petitioner mistakenly believed his attorney had filed a notice of appeal in his case, the petitioner's lack of any activity for a year was insufficiently diligent).  Accordingly, the court concludes Mr. Huntimer has not demonstrated reasonable diligence in pursuing his post-conviction rights.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends that respondents' motion to dismiss [Docket No. 4] be granted and that petitioner Timothy Huntimer's habeas petition pursuant to 28 U.S.C. § 2254 [Docket No. 1] be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.

11

Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED August 27, 2019.

                                BY THE COURT:

                                /s/ Veronica L. Duffy
                                VERONICA L. DUFFY
                                United States Magistrate Judge

12