UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY J. HUNTIMER,<br><br>                    Petitioner,<br><br>      vs.<br><br>DARIN YOUNG, WARDEN; AND THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>                    Respondents. | 4:19-CV-04125-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY |

      Petitioner, Timothy J. Huntimer, a state inmate at the Mike Durfee State Prison in Springfield, South Dakota, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. In his petition, Huntimer seeks to correct an illegal sentence. *Id.* at 3. The petition was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B), and this court's October 16, 2014, standing order.

      On August 13, 2019, respondents moved to dismiss Huntimer's petition. Docket 4. Respondents argued that Huntimer did not file his petition within the one-year time limitation. *Id.* On August 27, 2019, Magistrate Judge Duffy filed a report and recommendation that recommended dismissal with prejudice of Huntimer's claim. Docket 10 at 11. In her report and recommendation, Magistrate Judge Duffy recommends that the petition be dismissed because Huntimer failed to assert grounds for equitable tolling of the time limitation. *Id.*

at 10. Huntimer argued that he did not file a § 2254, but rather a motion to correct an illegal sentence. Docket 1 at 6. Magistrate Judge Duffy rejected Huntimer's argument that his claim does not fall under §2254 because Huntimer "only ma[de] the bare assertion." Docket 10 at 10.

The court's review of a Magistrate Judge Duffy's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Huntimer did not file objections to Magistrate Judge Duffy's report and recommendation. After de novo review of the record, the court adopts the report and recommendation in full and dismisses Huntimer's petition.

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge." *Id.* at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2).
2

A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Huntimer fails to make a substantial showing that his constitutional rights were denied because his claim is procedurally defaulted. Thus, a certificate of appealability is not issued. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

Thus, it is ORDERED

1. Magistrate Judge Duffy's report and recommendation (Docket 10) is adopted in full.
2. Respondents' motion to dismiss (Docket 4) is granted and Huntimer's petition is dismissed with prejudice.
3. That based upon the reasons stated and under Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

Dated October 7, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE